IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EDWARDS | * | |
| | * | |
| Petitioner, | * | CIVIL NO. PJM-07-495 |
| | * | CRIMINAL NO. PJM-05-179 |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pro se petitioner James Edwards has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court DENIES the § 2255 Motion WITHOUT PREJUDICE.

In his § 2255 motion, Edwards claims that his counsel was ineffective for two reasons: (1) counsel failed to inform him of his career offender status when encouraging him to accept a plea agreement; and (2) counsel failed to file an appeal despite being requested to do so (and further, counsel was ineffective for negotiating an appeal waiver which is not binding).

On April 6, 2006, pursuant to a plea agreement, James Edwards plead guilty to one count of Conspiracy to Possess With Intent to Distribute Five Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 846.  In the plea agreement, Edwards waived his right to appeal.  Although an appropriate Rule 11 colloquy took place, Edwards claims that his trial counsel thereafter failed to note an appeal.

Edwards has stated in an affidavit that he instructed counsel to appeal and that counsel did not do so.  Presumably, in spite of the waiver of appeal provision in the plea agreement, Edwards could have noted an appeal to challenge the enforceability of the waiver itself.  *See United States*

1

*v. Alston,* 91 F.3d 134, 1996 WL 379695 (4th Cir. 1996).  The Government has responded that it would be appropriate to hold an evidentiary hearing on the issue.

The Court concludes that it would be more appropriate for it to VACATE its Judgment of June 21, 2006, and RE-ENTER IT, effective May 30, 2007, so that a new period for appeal may run. The Court notes that Edwards retained his own counsel at the trial level and that he may wish to retain new counsel to represent him on direct appeal, given the issues that he has raised in his motion. Should Edwards feel that he qualifies for the appointment of an attorney, he may file an appropriate motion, but he should do so promptly.

Since the Court does not pass on the merits of Edwards' other ineffective assistance of counsel claims, his § 2255 motion is DENIED WITHOUT PREJUDICE.  Once his conviction becomes final, he will be entitled to renew his claims, subject to the rules governing such motions.

Accordingly, an Amended Judgment and Commitment Order will be ENTERED in this case effective May 30, 2007.  The terms and conditions of the sentence will be exactly as they were in the original Judgment, except that Edwards will get full credit for all time served in connection with the original sentence.

A separate Order SHALL ISSUE.


May 30, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE